
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEAN FRANCIS PACE, | No. 11-57203 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02184-CBM-JEM |
| v. | |
| BANK OF AMERICA CORPORATION and FIA CARD SERVICES N.A., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, Senior District Judge, Presiding

Submitted August 9, 2013**
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and GEORGE, Senior District Judge.***

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable Lloyd D. George, Senior District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Dean Francis Pace appeals the district court's order dismissing his first amended complaint and denying his motion for leave to file a second amended complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.

Pace, appearing pro se, filed a complaint claiming that Bank of America Corporation, and its wholly owned subsidiary FIA Card Services N.A., violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b), by inaccurately reporting two of his credit card accounts as delinquent and then failing to correct the error.

Under 15 U.S.C. § 1681s-2(b), Appellees' obligation to correct an error is triggered only if they receive a notice of a dispute from a credit reporting agency. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009) (explaining that the § 1681s-2(b) "obligations are triggered upon notice of dispute—that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information"). Pace did not make this allegation. The district court properly held that Pace's claim, based the allegation that he personally sent his dispute to Appellees, failed as a matter of law. *Id*. ("[N]otice of a dispute received directly from the consumer does not trigger furnishers' duties under subsection (b)").

However, the district court erred in denying Pace leave to file the second amended complaint. The second amended complaint alleges that Pace sent dispute letters to the credit reporting agencies and Pace deletes the allegation that the credit reporting agencies did not notify Appellees of the dispute. Under § 1681i, the credit reporting agencies were required to notify Appellees of Pace's dispute within five days of receiving his dispute. 15 U.S.C § 1681i(a)(2)(A). Viewing the complaint in the light most favorable to the pleader, it is reasonable to infer that the credit reporting agencies obeyed the law, and that Appellees received notice of Pace's dispute from the credit reporting agencies. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). This, in turn, would have triggered Appellees' obligations under 15 U.S.C. § 1681s-2(b). Pace adequately alleges that Appellees did not meet those obligations, and otherwise has stated a prima facie claim for relief under 15 U.S.C. § 1681s-2(b).

We **AFFIRM** the district court's grant of Appellees' motion to dismiss and **REVERSE** and **REMAND** the district court's denial of Pace's motion for leave to file a second amended complaint. Each party to bear its own costs.